UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RASHAUD L. ROBINSON**                                                                         **CIVIL ACTION**

**VERSUS**                                                                         **NO. 21-2191**

**JOSEPH P. LOPINTO, III**                                           **SECTION: "G"(3)**

### REPORT AND RECOMMENDATION

Petitioner, Rashaud L. Robinson, is currently detained at the Jefferson Parish Correctional Center awaiting trial. Through counsel, he filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] The matter has been referred to the undersigned United States Magistrate Judge for the issuance of a report and recommendation.[2] For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE** and that the related "Motion for Stay of State Court Proceedings"[3] be **DENIED**.

### The History of the Case in the State Courts

Because it will better place the issues presented herein in context, this Report and Recommendation will fully recount the history of this case in the state courts. Moreover, because not all of the state court opinions in the matter were published, they are quoted herein in their entirety for the convenience of the reviewing court(s).

Petitioner was charged under Louisiana law with one count of second degree murder, two counts of attempted second degree murder, one count of conspiracy to commit second degree

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 4.
[3] Rec. Doc. 5.

murder, and one count of possession of a firearm by a convicted felon.[4]  Prior to trial, the state filed a "Motion for Special Jury Instruction," requesting that jurors be instructed that unanimity was required to render a verdict, regardless of whether that verdict was to convict or to acquit.[5] That motion was granted.[6] Defense counsel then filed a "Motion to Allow Special Jury Instruction Regarding Nonunanimous Verdict for Acquittal and Motion to Reconsider State Motion for Special Jury Instruction."[7]  That motion was denied.[8]  Defense counsel took writs,[9] and the Louisiana Fifth Circuit Court of Appeal denied relief, holding:

> **WRIT DENIED**
>
> Defendant, Rashaud L. Robinson, filed the instant application for emergency review from the trial court's denial of a motion for a special jury instruction regarding nonunanimous verdict of acquittal to be given at his trial, currently in progress, and to reconsider the trial court's granting the State's motion for special jury instructions.  For the following reasons, we deny the writ application.
>
> **FACTS AND PROCEDURAL HISTORY**
>
> Defendant is currently charged with Second Degree Murder, a felony in violation of La. R.S. 14:30.1, two counts of Attempted Second Degree Murder, a felony in violation of La. R.S. 14:27:30.1, conspiracy to commit Second Degree Murder, felony in violation of La. R.S. 27:30.1, and Convicted Felon in Possession of a Firearm, felony in violation of La. R.S. 14:95.1, thus requiring a twelve person jury.  La. Const. Art. 1, § 17.  The charged offenses are alleged to have occurred prior to January 1, 2019.
>
> On April 25, 2021, the State filed a Motion for Special Jury Instructions, which the trial court granted on April 26, 2021.  On April 27, 2021, defendant filed a "Motion to Allow Special Jury Instructions Regarding Nonunanimous Verdict for Acquittal and Motion to Reconsider State Motion for Special Jury Instructions" alleging the United States Supreme Court's ruling in Ramos v. Louisiana, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), does not affect Louisiana's law

---

[4] State Rec., Vol. 1 of 3.
[5] State Rec., Vol. 2 of 3.
[6] State Rec., Vol. 2 of 3, minute entry dated April 26, 2021.
[7] State Rec., Vol. 2 of 3.
[8] State Rec., Vol. 2 of 3, Order dated April 27, 2021; State Rec., Vol. 2 of 3, minute entry dated April 27, 2021.
[9] State Rec., Vol. 3 of 3, writ application.

allowing a ten-to-two verdict to acquit.[FN 1] He sought a special jury instruction saying "[a]t least ten of you must concur to reach a verdict of 'not guilty', but all twelve of you must concur to reach a verdict of 'guilty' of any charge." At a hearing held on April 27, 2021, the trial judge denied defendant's motion. Defendant now seeks review of the trial court's denial of his motion and reconsideration of the trial court's granting of the State's motion for special jury instructions.

> [FN 1] In support of his contention, defendant cites the case of State v. Ross, 367 Or. 560, 481 P.3d 1286 (2011), infra. He also cites a decision from the Twenty-Fifth Judicial District Court for Plaquemines Parish, State v. Jason, No. 18-2414-I, which held that for crimes committed before January 1, 2019, unanimity is not required to acquit.

## DISCUSSION

Louisiana Code of Criminal Procedure Article 802(1) requires that the trial court in criminal cases charge the jury "[a]s to the law applicable to the case[.]" Louisiana Code of Criminal Procedure Article 807 gives the State and the defendant "the right before argument to submit to the court special written charges for the jury[,]" but specifically provides that "[a] requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given." The language "shall" within the statute connotes a mandatory requirement of the trial court, but only when the requested charge is "wholly correct" and not in need of further "qualification" or "explanation." Id.

Defendant seeks a special jury instruction that would inform the jury of twelve that at least ten jurors must concur to find him not guilty, but all twelve jurors must concur to find him guilty. He contends the United States Supreme Court's decision in Ramos, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583, requires a unanimous verdict to convict but not to acquit a defendant. We conclude that this is not a "wholly correct" statement of the law, and the trial court did not err in denying defendant's motion for the special jury instruction. See State v. Rodgers, 21-190 (La. App. 3 Cir. 4/14/21), ___ So. 3d ___, 2021 WL 1399811 **2 (unpublished).

The offense in the instant case was committed on or about October 6, 2016. Louisiana Constitution Article I, § 17 (A), as amended by 2018 La. Acts No. 493, effective January 1, 2019, reads, in pertinent part:

> A case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily

3

confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

Likewise, La C.Cr.P. art. 782(A), as amended by the same act, states in pertinent part:

> A case in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. A case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019 in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

For offenses committed on or after January 1, 2019, a jury must, based on the plain language of the Constitution and Article 782(A), unanimously concur in any verdict, not solely in its guilty verdict.[FN 2]  Thus, we conclude that a jury in those cases must unanimously reach a verdict to acquit as well.  That the instant offense occurred prior to the effective date of these provisions requires us to look to Ramos, 140 S.Ct. 1390, and other jurisprudence for guidance.

> [FN 2]  Even to offenses occurring prior to January 1, 2019, the language in both the La. Constitution and La. C.Cr.P. art. 782(A) focused on a ten-of-twelve verdict, not solely on a conviction.

Ramos refers to a defendant's "conviction" and a jury's "verdict" and concludes a guilty verdict must be unanimous to obtain a defendant's conviction.  However, the Supreme Court thoroughly discussed the history of the unanimous verdict requirement as referencing any verdict, not just a guilty one.  A nonunanimous jury verdict is an illegal and invalid verdict as per the Constitution.

> The text and structure of the Constitution clearly suggest that the term "trial by an impartial jury" carried with it some meaning about the content and requirements of a jury trial.
>
> One of these requirements was unanimity.  Wherever we might look to determine what the term "trial by an impartial jury trial" meant at the time of the Sixth Amendment's adoption – whether it's the common law, state practices in the founding era, or opinions and treatises soon afterward – the answer is unmistakable.  A jury must reach a unanimous verdict in order to convict.

4

> The requirement of juror unanimity emerged in 14th century England and was soon accepted as a vital right protected by the common law. As Blackstone explained, no person could be found guilty of a serious crime unless "the truth of every accusation … should … be confirmed by the unanimous suffrage of twelve of his equals and neighbors, indifferently chosen, and superior to all suspicion." A "'verdict, taken from eleven, was no verdict'" at all.

Id. at 1395 (footnotes omitted).

The Ramos opinion states, "We took this case to decide whether the Sixth Amendment right to a jury trial – as incorporated against the States by way of the Fourteenth Amendment – requires a unanimous verdict to convict a defendant of a serious offense." Id. at 1394 (emphasis added [sic]). The opinion further addresses unanimous verdicts only in terms of convictions in stating, "[a] jury must reach a unanimous verdict in order to convict[,]" and, "[s]o if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." Id. at 1395, 1397 (emphasis added [sic]). However, the opinion also states "at the time of the Sixth Amendment's adoption, the right to trial by jury included a right to a unanimous verdict" without limiting the unanimous verdict to convictions only. Id. at 1402.

While Ramos does not specifically address a nonunanimous verdict of not guilty, arguably permitting a lesser requirement than a verdict of conviction, based on the Supreme Court's analysis in Ramos, the Third Circuit, in State v. Rodgers, supra, in reviewing a proposed special jury instruction identical to the proposed special jury instruction at issue here, has recently ruled that the Constitution requires unanimity in all verdicts, not just guilty verdicts.[FN 3]. We agree and conclude that a finding of not guilty by a jury, an acquittal, is a verdict. See State v. Goodley, 423 So.2d 648, 651 (La. 1982).[FN 4] Additionally, in State v. Jackson, 370 So.2d 570 (La. 1979), the Louisiana Supreme Court specifically found that unanimous jury verdicts were required to convict or acquit in cases involving misdemeanors. We see no reason why the same would not also be required in twelve person felony cases in light of Ramos.

> [FN 3] The United States Supreme Court heard arguments on December 2, 2020, in Edwards v. Vannoy, ___ U.S. ___, 140 S.Ct. 2737, 2738, 206 L.Ed.2d 917 (2020), on whether Ramos, 147 S.Ct. 1390, "applied retroactively to [a] case on federal collateral review." The Supreme Court has not yet rendered a decision in that case.
>
> [FN 4] In Goodley, the Louisiana Supreme Court held that a "non-waivable defect, such as an illegal verdict, prevents a jury from delivering either a conviction or acquittal[.]" The court went on to state that an illegal verdict at a defendant's first trial will not support a plea of double jeopardy barring a re-trial. The illegal verdict at issue in Goodley was a nonunanimous verdict in a capital case. State v. Goodley, 398 So.2d 1068 (La. 1981). The Supreme Court reasoned

> that an illegal verdict is equivalent to no verdict, either of conviction or acquittal. Goodley, 423 So.2d at 651.
>
> Defendant seeks to have this Court follow the Oregon Supreme Court in State v. Ross, 367 Or. 560, ___ P.3d ___ (Or. 2021), which held that under Oregon law post-Ramos, a defendant is still entitled to a non-unanimous acquittal. This decision is not binding upon this Court and we, respectfully, decline to follow it, for the reasons previously stated.
> Further, defendant's contention that requiring a unanimous verdict to acquit violates the ex post facto clauses of the U.S. Constitution, Art. I § X, and the Louisiana Constitution, Art. I § 23, also fails. In State ex rel. Olivieri v. State, 00-172 (La. 2/21/01), 779 So.2d 735, 744, the Louisiana Supreme Court rejected the previous line of jurisprudence that evaluated whether a new law "disadvantaged" a defendant and adopted the U.S. Supreme Court's interpretation in Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), and California Dep't of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). Olivieri holds that an ex post facto violation occurs when the change in the law alters the definition of criminal conduct or increases the penalty. Defendant's complaints as to the requirements for a nonunanimous jury to acquit simply do not fall within either of these categories.
> For the foregoing reasons, we conclude that Ramos, 140 S.Ct. 1390, does not support defendant's argument that he is entitled to his requested jury instruction. It makes no distinction between acquittals and convictions when declaring nonunanimous verdicts unconstitutional. Thus, finding no error in the trial court's ruling of April 27, 2021, denying defendant's motion for a special jury instruction at trial to inform the jury of twelve people that only ten of them must concur in a verdict of not guilty, we find no reason to reconsider the trial court's ruling on the State's motion. Accordingly, we deny defendant's writ application.[10]

In the ensuing trial, the jury could not reach a unanimous verdict, the trial court "declared a hung jury," the jury was discharged, and the matter was scheduled for a new trial.[11]

The defense thereafter filed a "Motion to Quash Due to Acquittal," arguing that because ten of the jurors at trial voted not guilty, a valid verdict of acquittal had been reached at the first trial and "[a] second prosecution is therefore prohibited by the state and federal double jeopardy

---

[10] State v. Robinson, No. 21-K-197 (La. App. 5th Cir. Apr. 28, 2021); State Rec., Vol. 2 of 3.
[11] State Rec., Vol. 2 of 3, minute entry dated April 29, 2021.

clauses."[12] That motion was denied.[13] Defense counsel again took writs,[14] and the Louisiana Fifth Circuit Court of Appeal again denied relief, holding:

> **WRIT DENIED**
>
> Relator, Rashaud Robinson, seeks review of the district court's June 30, 2021 denial of his "Motion to Quash due to Acquittal." For the reasons that follow, we find no error in the district court's ruling.
>
> Relator was charged, by grand jury indictment, with second degree murder, two counts of attempted second degree murder, conspiracy to commit second degree murder, and convicted felon in possession of a firearm. On April 27, 2021, relator proceeded to trial before a twelve-person jury on these felony offenses that occurred in 2016. On April 29, 2021, after considering the evidence presented, the jury reported that it was unable to reach a verdict. The minute entry from that date, which was obtained from the official court record, indicates that after the jury was polled, the district court "declared a hung jury," and set the matter of trial on August 30, 2021. The polling slips reflect that ten jurors voted not guilty.
>
> On June 29, 2021, relator filed a "Motion to Quash due to Acquittal." Therein, he requested that the indictment be quashed based on the fact that he was lawfully acquitted when ten of the twelve jurors voted not guilty and any retrial, following this valid acquittal, would constitute double jeopardy. On June 30, 2021, the trial court denied the motion to quash. Relator now seeks review of that ruling. Relator asserts, as he did in his motion to quash, that since he was lawfully acquitted when ten jurors voted not guilty, the State is now barred from retrying him on these felony offenses pursuant to the Double Jeopardy Clause of the United States and Louisiana Constitutions. Relator further asserts that at the time of the alleged offenses, Louisiana law provided that a ten to two verdict of not guilty constituted an acquittal and that retroactive application of a rule requiring a unanimous verdict to acquit would violate the ex post facto provisions of the federal and state constitutions. Relator acknowledges this Court's ruling in a previous writ disposition in this case, that the unanimity requirement set forth in <u>Ramos v. Louisiana</u>, 590 U.S. ___, 140 S. Ct. 1390, 206 L.Ed.2d 583 (2020) applied equally to acquittals and convictions, but suggests that ruling was erroneous.
>
> Having thoroughly reviewed relator's writ application and the arguments presented therein, the State's response, and the applicable law, we find no error in the district court's denial of relator's "Motion to Quash due to Acquittal." La. C.Cr.P. art. 532(6) provides that a motion to quash may be based on the ground that trial for the offense charged would constitute double jeopardy. According to La. C.Cr.P. art. 591, "No person shall be twice put in jeopardy of life or liberty for the

---

[12] State Rec., Vol. 2 of 3, "Motion to Quash Due to Acquittal."
[13] State Rec., Vol. 2 of 3, Order dated June 30, 2021.
[14] State Rec., Vol. 3 of 3, writ application.

same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant." La. C.Cr.P. art. 775(2) provides that a mistrial may be ordered, and in a jury case the jury dismissed, when the jury is unable to agree on a verdict.

In the present case, relator asserts that the jury did agree on a verdict of not guilty, and therefore, the district court was not authorized to order a mistrial, in light of the fact that at the time of the alleged offenses, Louisiana law provided that a ten to two verdict of not guilty constituted a valid legal verdict of acquittal. Based on the reasoning set forth by this Court in a prior writ disposition in this case, we find no merit to relator's argument. See State v. Robinson, 21-K-197 (La. App. 5 Cir. 4/28/21) (unpublished writ disposition).

In the previous writ application, this Court was faced with the issue of whether the district court erred in denying relator's request for a special jury instruction at trial that would inform the jury of twelve that at least ten jurors must concur to find him not guilty, but all twelve jurors must concur to find him guilty. In rejecting relator's argument, this Court set forth a detailed analysis, which we adopt herein, and specifically note the following:

> While Ramos does not specifically address a nonunanimous verdict of not guilty, arguably permitting a lesser requirement than a verdict of conviction, based on the Supreme Court's analysis in Ramos, the Third Circuit, in State v. Rodgers, [21-190 (La. App. 3 Cir. 4/14/21), 318 So.3d 315], in reviewing a proposed special jury instruction identical to the proposed special jury instruction at issue here, has recently ruled that the Constitution requires unanimity in all verdicts, not just guilty verdicts. We agree and conclude that a finding of not guilty by a jury, an acquittal, is a verdict. See State v. Goodley, 423 So.2d 648, 651 (La. 1982). Additionally, in State v. Jackson, 370 So.2d 570 (La. 1979), the Louisiana Supreme Court specifically found that unanimous jury verdicts were required to convict or acquit in cases involving misdemeanors. We see no reason why the same would not also be required in twelve person felony cases in light of Ramos.
> [Footnotes omitted].

Based on the foregoing, we find no error in the district court's denial of relator's "Motion to Quash due to Acquittal." Further, for the reasons set forth in this Court's previous disposition, we likewise find no merit to relator's contention that the retroactive application of a rule requiring a unanimous verdict to acquit violates the state and federal ex post facto laws. Accordingly, this writ application is denied.[15]

---

[15] State v. Robinson, No. 21-K-561 (La. App. 5th Cir. Aug. 23, 2021); State Rec., Vol. 2 of 3.

The Louisiana Supreme Court then denied petitioner's related writ application without assigning reasons.[16]

### **This Federal Proceeding**

On November 29, 2021, petitioner filed the instant "Emergency Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241,"[17] in which he likewise argued that he had been validly acquitted under state law at the first trial and, therefore, subjecting him to a new trial on the same offenses violates his protection against double jeopardy.[18] He also thereafter filed a related "Motion for Stay of State Court Proceedings."[19] The state then filed a "Response in Opposition of Granting Writ of Habeas Corpus,"[20] to which petitioner filed a reply.[21] According to petitioner, his new trial in state court is currently scheduled to commence on May 9, 2022.[22]

### **The State Law Provisions at Issue**

Central to this matter are two provisions of state law: La. Const. art. I, § 17(A); and La. Code Crim. P. art. 782. The parties agree that because of the nature of the offenses in this case, and because the offenses were committed in 2016, those provisions required that petitioner be tried before a jury of twelve persons and, of import here, that ten of those twelve persons "must concur to render a verdict." Those provisions made no distinction between verdicts of conviction and verdicts of acquittal.

---

[16] State v. Robinson, 323 So. 3d 381 (La. 2021); State Rec., Vol. 2 of 3.
[17] Rec. Doc. 1.
[18] As noted in the state court opinions, petitioner also asserted an *ex post facto* claim in the state courts; however, he does not reassert that claim in his federal application.
[19] Rec. Doc. 5.
[20] Rec. Doc. 14.
[21] Rec. Doc. 17.
[22] Rec. Doc. 8.

**The Ramos Decision**

In Ramos v. Louisiana, 140 S. Ct. 1390 (2020), the United States Supreme Court held:

> The Sixth Amendment promises that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." …
> … The text and structure of the Constitution clearly suggest that the term "trial by an impartial jury" carried with it some meaning about the content and requirements of a jury trial.
> One of these requirements was unanimity. … A jury must reach a unanimous verdict in order to convict.
> ….
> There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally. … [I]f the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court.

Id. at 1395-97.

**Post-Ramos Interpretation of the State Provisions by the State Courts**

Because La. Const. art. I, § 17(A) and La. Code Crim. P. art. 782 allowed for nonunanimous verdicts in certain cases (and, specifically, cases such as petitioner's), their enforceability was impacted by Ramos. However, the parties herein dispute the scope of that impact. Specifically: The parties agree that the aspects of those provisions allowing nonunanimous verdicts of **conviction** are no longer enforceable. Their dispute concerns only whether the provisions are properly interpreted to still allow nonunanimous verdicts of **acquittal**.

Post-Ramos, the Louisiana state courts have held that La. Const. art. I, § 17(A) and La. Code Crim. P. art. 782 must be interpreted as requiring unanimity of **all** verdicts, both verdicts of conviction and verdicts of acquittal. Under that interpretation, a hopelessly deadlocked jury could not reach any valid verdict, a mistrial would be proper, and the state would have the option of retrying the defendant for same offenses.

10

That said, petitioner argues that the state courts are wrongly interpreting La. Const. art. I, § 17(A) and La. Code Crim. P. art. 782 in light of Ramos. Specifically, he argues that (1) nothing in Ramos rendered nonunanimous verdicts of acquittal unenforceable, and (2) by interpreting the provisions in the foregoing manner, the state courts are falling victim to the "writ-of-erasure fallacy."[23]

However, even if petitioner's argument has some merit, that would not suffice to carry the day in this **federal** proceeding. That is so because, as the state correctly notes in its answer,

---

[23] Petitioner correctly notes that in rulings such as Ramos, the United States Supreme Court does not "strike down" unconstitutional provisions of law; instead, such rulings merely render the provisions unenforceable in whole or in part. As the United States Fifth Circuit Court of Appeals has explained: "It is often said that courts 'strike down' laws when ruling them unconstitutional. That's not quite right. Courts hold laws **unenforceable**; they do not erase them. Many laws that are plainly unconstitutional remain on the statute books. Jim Crow-era segregation laws are one example." Pool v. City of Houston, 978 F.3d 307, 309 (5th Cir. 2020) (emphasis added; citations omitted). In a law review article, an academic opined that courts not mindful of that limitation perpetuate what he called the "writ-of-erasure fallacy":

> When a court announces that a statute violates the Constitution, it is common for judges and elected officials to act as though the statute ceases to exist. They will say that the statute has been "struck down" or rendered "void" by the court's decision. And they will act as though the court's ruling has excised the statute (or its problematic applications) from the Statutes at Large or its state law equivalents. The judicial pronouncement of unconstitutionality is regarded as something akin to an executive veto: the disapproved law is "struck down" – either in whole or in part – and the portions or applications of the statute that contradict the judiciary's interpretation of the Constitution are treated as a legal nullity.
> The belief that federal courts "strike down" unconstitutional statutes is widely held throughout our legal and political culture. But that is an imprecise and misleading description of the power of judicial review. The federal courts have no authority to erase a duly enacted law from the statute books, and they have no power to veto or suspend a statute. The power of judicial review is more limited: It permits a court to decline to enforce a statute in a particular case or controversy, and it permits a court to enjoin executive officials from taking steps to enforce a statute – though only while the court's injunction remains in effect. But the statute continues to exist, even after a court opines that it violates the Constitution, and it remains a law until it is repealed by the legislature that enacted it. And a judicially disapproved statute will often be left with work to do, even if it is believed to have been "nullified" or "invalidated" by an adverse court ruling.
> When judges or elected officials fail to recognize that a statute continues to exist as law even after a court declares it unconstitutional or enjoins its enforcement, they fall victim to what I call the "writ-of-erasure fallacy": The assumption that a judicial pronouncement of unconstitutionality has canceled or blotted out a duly enacted statute, when the court's ruling is in fact more limited in scope and leaves room for the statute to continue to operate.

Jonathan F. Mitchell, The Writ-of-Erasure Fallacy, 104 Va. L. Rev. 933, 934-35 (2018) (footnotes omitted).

petitioner's argument turns on an issue of **state** law – namely, the proper interpretation of La. Const. art. I, § 17(A) and La. Code Crim. P. art. 782. And the state courts, not the federal courts, are the final arbiters of state law. Levy Gardens Partners 2007, L.P. v. Commonwealth Land and Title Insurance Co., 706 F.3d 622, 629 (5th Cir. 2013) ("The principle that state courts are the final arbiters of state law is well-settled."); see also Estelle v. McQuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citations and quotation marks omitted)); Charles v. Thaler, 629 F.3d 494, 500-01 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions *are* state law."); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law." (citation and quotation marks omitted)).

Here, the state courts (including the Louisiana Supreme Court in denying petitioner's writ for discretionary review concerning the denial of his "Motion to Quash Due to Acquittal") have all held that, post-Ramos, La. Const. art. I, § 17(A) and La. Code Crim. P. art. 782 require that **all** verdicts in criminal cases be **unanimous** to be valid. Even if, as petitioner alleges, the state courts reached that interpretation through faulty reasoning, that is not an error this Court can fix – a federal district court simply is not an appellate forum for review of errors of state law interpretation.

Accordingly, in light of the law and the record, the undersigned hereby makes the following findings:

1. The Louisiana state courts have interpreted Louisiana state law as requiring that jurors unanimously agree before a verdict of acquittal is valid, and that interpretation of state law is not reviewable herein.

2. State law further provides: "A mistrial may be ordered, and in a jury case the jury dismissed, when: … (2) The jury is unable to agree upon a verdict …." La. Code Cr. P. Art. 775(2).

3. In this case, the jurors were unable to reach a unanimous verdict,[24] and "[t]he Court declared a hung jury."[25] Therefore, a mistrial was ordered.

4. State law further provides: "If a judge orders a mistrial, then upon motion of either the state or the defendant, the court shall order an automatic twenty-four-hour stay of all proceedings in which either the state or the defendant may take an emergency writ application to the appropriate reviewing courts with appellate jurisdiction, including the Louisiana Supreme

---

[24] Although the trial transcript has not been provided to the court, the court's minute entry reflects states: "Jury unable to reach a verdict." State Rec., Vol. 2 of 3, minute entry dated April 29, 2021. In his federal application, petitioner further elaborated:

> On April 29, 2021, after the close of evidence, **the jury reported that it was unable to deliberate any further, with a supermajority favoring acquittal on all counts. The Court instructed the jurors to return to deliberations, but a short time later the jury returned and reiterated that no further deliberations would be fruitful and the votes were not changing.** The trial court polled the jury, and the trial court reviewed the polling slips as to each count with counsel. The count was ten jurors for acquittal on each count. Those polling slips were made part of the record and filed under seal.

Rec. Doc. 1, p. 4 (emphasis added).
[25] State Rec., Vol. 2 of 3, minute entry dated April 29, 2021.

13

Court. The jury shall not be released pending the stay unless both the state and defendant agree to release the jury." La. C. Crim. P. art. 775.1.

5. A defendant who fails to seek emergency review of a district court's mistrial order in accordance with La. C.Cr.P. art. 775.1 has "waived his right to proceed to trial with the dismissed jury." State v. Lewis, 292 So. 3d 945, 951 (La. App. 4th Cir. 2020), writ denied, 297 So. 3d 760 (2020); accord State v. Copelin, 206 So. 3d 990, 1000 (La. App. 4th Cir. 2016) ("The Louisiana Supreme Court has repeatedly held that an irregularity or error cannot be availed of after the verdict unless it was objected to at the time it occurred; and, as enacted, Article 775.1 preserves the contemporaneous objection rule with respect to the declaration of a mistrial."), writ denied, 227 So. 3d 286 (La. 2017).

6. Petitioner did not invoke the remedy available provided in Article 775.1, and, therefore, the jury in this case was discharged.

7. It has long been held that double jeopardy is not violated by subjecting a defendant to a new trial after his first trial ended in a mistrial because of an inability of the jury to reach a verdict. See, e.g., United States v. Perez, 22 U.S. 579, 9 Wheat. 579 (1824) ("The prisoner … was put upon trial for a capital offence, and the jury, being unable to agree, were discharged by the Court from giving any verdict upon the indictment, without the consent of the prisoner, or of the Attorney for the United States. … [W]e are of opinion, that such a discharge constitutes no bar to further proceedings, and gives no right of exemption to the prisoner from being again put upon trial."); accord Copelin v. Vannoy, Civ. Action No. 18-10970, 2021 WL 6125050, at *19 (E.D. La. Dec. 28, 2021) ("According to Supreme Court precedent, whether under the Double Jeopardy Clause there can be a new trial after a mistrial has been declared without the defendant's request

or consent depends on whether there is a manifest necessity for the mistrial, or the ends of public justice would otherwise be defeated.  A prototypical example of 'manifest necessity' is the declaration of a mistrial because of a hung jury." (citations, quotation marks, and parentheses omitted)).

8. Accordingly, the state may retry petitioner without offending double jeopardy.

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's federal habeas corpus application be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that petitioner's related "Motion for Stay of State Court Proceedings," Rec Doc. 5, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __25th__ day of March, 2022.

                                    _____
                                    **DANA M. DOUGLAS**
                                    **UNITED STATES MAGISTRATE JUDGE**