**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RASHAUD L. ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2191** |
| **JOSEPH P. LOPINTO, III** | **SECTION: "G"(3)** |

**ORDER AND REASONS**

Before the Court are Petitioner Rashaud L. Robinson's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner is a state pretrial detainee who is currently detained at the Jefferson Parish Correctional Center. On November 29, 2021, Petitioner, through counsel, filed a federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[2] Petitioner also filed a "Motion for Stay of State Court Proceedings."[3] Petitioner seeks a writ of habeas corpus because he argues that he was validly acquitted by a non-unanimous jury under state law.[4] Now, the State seeks to retry him, and Petitioner argues that subjecting him to a new trial on the same offenses violates his protection against double jeopardy.[5] Pursuant to Local Rule 73.2, this matter was referred to the assigned Magistrate Judge to prepare a Report and Recommendation.[6] On March 25, 2022, the Magistrate

[1] Rec. Doc. 19.

[2] Rec. Doc. 1.

[3] Rec. Doc. 5.

[4] Rec. Doc. 1.

[5] *Id.*

[6] Rec. Doc. 4.

Judge recommended that the application be dismissed with prejudice and that the motion to stay be denied.[7] Petitioner objects to the recommendation.[8]

For the reasons discussed in detail below, Petitioner has not demonstrated that he is "in custody in violation of the Constitution or laws or treaties of the United States."[9] The Louisiana courts are free to interpret their own law to require a unanimous acquittal following the Supreme Court's decision in *Ramos v. Louisiana*.[10] This result does not violate Petitioner's constitutional rights because the Double Jeopardy Clause does not prevent a retrial following a mistrial due to a hung jury.[11] Accordingly, having considered the petition, the State's response, Petitioner's reply, the Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Report and Recommendation in part, dismisses Petitioner's claims without prejudice, and denies the motion to stay.

## I. Background

### *A. The State Court Proceedings*

On May 4, 2017, Petitioner was indicted by a grand jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson with one count of second-degree murder, two counts of attempted second-degree murder, one count of conspiracy to commit second-degree murder, and one count of being a felon in possession of a firearm.[12] These charges related to crimes that

---

[7] Rec. Doc. 18.

[8] Rec. Doc. 19.

[9] 28 U.S.C. § 2241(c)(3).

[10] 140 S. Ct. 1390 (2020).

[11] *Yeager v. United States*, 557 U.S. 110, 118 (2009).

[12] State Rec., Vol. I of III, Indictment, May 4, 2017. This superseded a prior indictment dated January 5, 2017.

allegedly occurred in September 2016.

Prior to trial, each side moved for jury instructions regarding the necessary votes for acquittal. On April 25, 2021, the State filed a "Motion for Special Jury Instruction," requesting that jurors be instructed that unanimity was required to render a verdict, regardless of whether that verdict was to convict or to acquit.[13] On April 26, 2021, the trial court granted the State's motion.[14] The next day, the defense filed a "Motion to Allow Special Jury Instruction Regarding Nonunanimous Verdict for Acquittal and Motion to Reconsider State Motion for Special Jury Instruction."[15] On April 27, 2021, the trial court denied the defense's motion.[16] Petitioner filed an application for a supervisory writ with the Louisiana Fifth Circuit Court of Appeal on the jury instruction issue, which was denied.[17] The Louisiana Fifth Circuit Court of Appeal concluded that the Supreme Court's holding in *Ramos v. Louisiana* did not support Petitioner's argument that an acquittal may be nonunanimous.[18] The Louisiana Fifth Circuit reasoned that the Supreme Court made no distinction between acquittals and convictions when declaring nonunanimous verdicts unconstitutional.[19]

The case proceeded to trial, but the jury could not reach a unanimous verdict. On April 29, 2021, the state trial court ordered a mistrial, the jury was discharged, and the matter was scheduled

---

[13] State Rec., Vol. II of III, Motion for Special Jury Instruction, Apr. 25, 2021.

[14] State Rec., Vol. II of III, Minute Entry, Apr. 26, 2021.

[15] State Rec., Vol. II of III, Motion to Allow Special Jury Instruction Regarding Nonunanimous Verdict for Acquittal and Motion to Reconsider State Motion for Special Jury Instruction, Apr. 27, 2021.

[16] State Rec., Vol. II of III, Minute Entry, Apr. 27, 2021.

[17] *State v. Robinson*, 21-K-197 (La. App. 5 Cir. 4/28/21); State Rec., Vol. II of III.

[18] *Id.* (citing *Ramos*, 140 S. Ct. at 1390).

[19] *Id.*

for a new trial.[20]

Thereafter, the defense filed a "Motion to Quash Due to Acquittal," arguing that because ten of the jurors voted not guilty, a valid verdict of acquittal had been reached at the first trial and "[a] second prosecution is therefore prohibited by the state and federal double jeopardy clauses."[21] The trial court denied the motion,[22] and Petitioner filed another writ application with the Louisiana Fifth Circuit Court of Appeal. On August 23, 2021, the Louisiana Fifth Circuit Court of Appeal denied the writ application.[23] On August 27, 2021, the Louisiana Supreme Court denied Petitioner's related writ application without assigning reasons.[24]

### *B. The Federal Habeas Proceedings*

On November 29, 2021, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241.[25] Petitioner seeks a writ of habeas corpus because he argues that he was validly acquitted and subjecting him to a new trial on the same offenses violates his protection against double jeopardy.[26] Petitioner asserts that *Ramos* held that the Sixth Amendment right to a jury trial requires a unanimous verdict to convict a defendant of a serious offense, but it did nothing to

---

[20] State Rec., Vol. II of III, Minute Entry, Apr. 29, 2021.

[21] State Rec., Vol. II of III, Motion to Quash Due to Acquittal, Jun. 29, 2021.

[22] State Rec., Vol. II of III, Order, Jun. 30, 2021.

[23] *State v. Robinson*, 21-K-561 (La. App. 5th Cir. 8/23/21); State Rec., Vol. II of III.

[24] *State v. Robinson*, 21-KK-1315 (La. 8/27/21); 323 So. 3d; State Rec., Vol. II of III.

[25] Rec. Doc. 1. The case was initially randomly allotted to the Honorable Lance Africk. On December 1, 2021, Judge Africk referred the case to a Magistrate Judge to prepare a Report and Recommendation. Rec. Doc. 4. On December 6, 2021, Judge Africk recused himself from this matter and it was randomly reallotted to the undersigned Chief Judge. Rec. Doc. 7. It is not the Chief Judge's practice to refer matters of this complexity to a Magistrate Judge because the referral process can delay the proceedings.

[26] Rec. Doc. 1.

invalidate Louisiana's acquittal requirements.[27] Petitioner asserts that the State has committed the "writ-of-erasure fallacy" "[b]y insisting that Art. I, § 17 was 'voided' by the U.S. Supreme Court's ruling in *Ramos*."[28] Petitioner contends that he was acquitted when ten jurors concurred in finding him not guilty of the charged offenses and any attempt to retry him would violate the Double Jeopardy Clause.[29] Petitioner also filed a related "Motion for Stay of State Court Proceedings" during the pendency of this federal proceeding.[30]

The State opposed the petition on January 18, 2022.[31] The State argues that Petitioner's claim is not cognizable in federal habeas corpus because, although "this claim is couched as a double jeopardy claim, it is obvious that it hinges upon the Louisiana law question" of whether non-unanimous acquittals may stand post-*Ramos*.[32] Alternatively, the State suggests that the *Younger* abstention doctrine counsels that this Court not intervene at this juncture.[33] Although the State acknowledges that double jeopardy has been recognized as an exception to *Younger* abstention, the State submits that this matter should not fall within that exception because it "involves a res nova issue just birthed by *Ramos* and should be permitted to go through the ordinary channels of review."[34]

---

[27] *Id.* at 5–6.

[28] *Id.* at 9.

[29] *Id.* at 10.

[30] Rec. Doc. 5.

[31] Rec. Doc. 14.

[32] *Id.* at 5–7.

[33] *Id.* at 8.

[34] *Id.* at 11.

Finally, the State submits that the claim is meritless.[35] Although *Ramos* only explicitly addressed the requirement of a unanimous verdict to convict, the State notes that the Louisiana Constitution and the Louisiana Code of Criminal Procedure reference needing ten votes "to render a verdict."[36] The State asserts Petitioner's argument would require a judicial re-writing of the Louisiana Constitution and the Louisiana Code of Criminal Procedure because *Ramos* declared them unconstitutional and neither distinguishes between a conviction and an acquittal.[37] The State contends that the Louisiana state courts have correctly recognized that the United States Constitution requires unanimity to render a verdict at all, whether to convict or to acquit.[38]

Petitioner filed a reply on February 23, 2022.[39] Petitioner contends that this claim is cognizable under Section 2241 because he is seeking relief due to a violation of the Fifth and Fourteenth Amendments, not a violation of state law.[40] Next, Petitioner argues that *Younger* abstention does not apply to double jeopardy claims.[41] Finally, Petitioner asserts that the Louisiana Supreme Court or the Louisiana Legislature could have acted before his trial to clarify that unanimous acquittals are required post-*Ramos*.[42] However, Petitioner submits that did not happen, and he asserts that the Double Jeopardy Clause prohibits Louisiana from changing the legal

---

[35] *Id.* at 12.

[36] *Id.* at 13.

[37] *Id.* at 14.

[38] *Id.* at 19.

[39] Rec. Doc. 17.

[40] *Id.* at 1.

[41] *Id.* at 3.

[42] *Id.* at 6–7.

definition of an acquittal after he was already acquitted.[43]

On March 25, 2022, the Magistrate Judge recommended that the petition be dismissed with prejudice and that the motion to stay be denied.[44] The Magistrate Judge found that Petitioner's argument turns on an issue of state law—namely, the proper interpretation of Louisiana Constitution article I, § 17(A) and Louisiana Code of Criminal Procedure article 782.[45] The Magistrate Judge reasoned that following *Ramos* the Louisiana courts have held that the Louisiana Constitution and Code of Criminal Procedure require that all verdicts in criminal cases be unanimous to be valid.[46] Even assuming that the state courts reached that interpretation through faulty reasoning, the Magistrate Judge found that this Court cannot resolve any such error because a federal district court is not an appellate forum for reviewing erroneous interpretations of state law.[47] The Magistrate Judge noted that it has long been held that double jeopardy is not violated by subjecting a defendant to a new trial after his first trial ended in a mistrial because of an inability of the jury to reach a verdict.[48] Accordingly, the Magistrate Judge concluded that the State may retry Petitioner without offending double jeopardy.[49]

---

[43] *Id.* at 7.

[44] Rec. Doc. 18.

[45] *Id.* at 12.

[46] *Id.*

[47] *Id.*

[48] *Id.* at 14.

[49] *Id.* at 15.

## II. Objections

### *A. Petitioner's Objections to the Report and Recommendation*

On April 8, 2022, Petitioner filed timely objections to the Report and Recommendation.[50] According to Petitioner, the Report and Recommendation errs in two fundamental respects: (1) it mischaracterizes the petition as a request that this Court "fix" the state courts' erroneous interpretation of state law and (2) it incorrectly concludes that the Louisiana Fifth Circuit and the Louisiana Supreme Court have held that, post-*Ramos*, Louisiana law requires that all verdicts in criminal cases be unanimous.[51] Petitioner asserts that he is not asking this Court to opine on the correct interpretation of Louisiana law.[52] Additionally, he notes that neither the Louisiana Fifth Circuit Court of Appeal nor the Louisiana Supreme Court has ever ruled in a precedential opinion that Louisiana Constitution article I, § 17(A) and Louisiana Code of Criminal Procedure article 782 forbid non-unanimous acquittals.[53]

Petitioner concedes that he "could not have been 'acquitted' within the meaning of the federal Double Jeopardy Clause if, sometime prior to April 29, 2021, the provisions of the Louisiana Constitution and Louisiana Code of Criminal Procedure authorizing non-unanimous acquittals were invalidated, repealed, or otherwise declared 'invalid' by a competent tribunal."[54] However, Petitioner asserts that never happened.[55] Indeed, Petitioner notes that the Louisiana

---

[50] Rec. Doc. 19.

[51] *Id.* at 1–2.

[52] *Id.* at 2.

[53] *Id.*

[54] *Id.*

[55] *Id.* at 3–4.

Supreme Court will consider the issue in the coming months as a matter of first impression.[56]

Petitioner asserts that the Supreme Court did not "erase" provisions of Louisiana law authorizing non-unanimous acquittals when it decided *Ramos*.[57] Petitioner notes that the Louisiana legislature or the judiciary may abolish non-unanimous acquittals, but that did not occur before Petitioner was acquitted in April 2021.[58] Although the Louisiana Supreme Court denied the writ application when Petitioner presented the double jeopardy claim to it, Petitioner asserts that "these 'writ denials' did not rewrite Louisiana law and ha[ve] no bearing on whether [he] was 'acquitted' for purposes of the federal Double Jeopardy Clause."[59] Petitioner notes that in a published opinion issued in December 2021 the Louisiana Fifth Circuit explicitly "decline[d] to address the issue of whether a non-unanimous acquittal would be valid for cases where the offense occurred prior to January 1, 2019, but which are tried subsequent to the *Ramos* decision."[60]

Petitioner asserts that he was acquitted at the conclusion of the April 29, 2021 trial, when ten jurors voted to acquit.[61] Petitioner contends that Louisiana law was unchanged at the time of his trial, and expressly provided that a "not guilty" verdict returned by ten jurors is a valid acquittal under Louisiana law.[62] Since the Double Jeopardy Clause "unequivocally prohibits a second trial following an acquittal," Petitioner contends that his ongoing detention and impending retrial are

---

[56] *Id.* at 4, n.3 (citing *State v. Gasser*, 21-255 (La. App. 5 Cir. 12/16/21); 2021 WL 5999978, *writ granted*, 22-64 (La. 3/2/22)).

[57] *Id.* at 5.

[58] *Id.* at 6.

[59] *Id.* at 6–7.

[60] *Id.* at 9 (citing *Gasser*, 2021 WL 5999978, at *4, n.3).

[61] *Id.* at 11.

[62] *Id.*

unconstitutional.[63]

***B. The State's Response***

The State has not filed any response to Petitioner's objections to the Report and Recommendation.

## III. Legal Standard

***A. Review of the Magistrate Judge's Report and Recommendation***

When designated by a district court to do so, a United States Magistrate Judge may consider federal habeas petitions and recommend a disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[64] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[65] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[66] However, a district court's review is limited to plain error of parts of the report not properly objected to.[67]

***B. Standard for Issuance of a Writ of Habeas Corpus***

The writ of habeas corpus protects "individuals against erosion of their right to be free from wrongful restraints upon their liberty."[68] Habeas claims brought by a state pretrial detainee must

---

[63] *Id.* at 12–13.

[64] 28 U.S.C. § 636(b)(1)(B).

[65] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[66] Fed. R. Civ. P. 72(b)(3).

[67] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

[68] *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

be considered under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254.[69] Pursuant to 28 U.S.C. § 2241, a petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States."[70] The deference afforded to state courts by Section 2254 is not applicable to Section 2241 cases.[71] Therefore, claims brought under Section 2241 are reviewed *de novo*, even when they have been adjudicated on the merits by the state courts.[72] When habeas relief is granted, the Court may grant immediate release or fashion another form of appropriate relief.[73]

Petitioner is currently being prosecuted in Jefferson Parish, and he alleges that his continued detention violates federal law. More specifically, Petitioner alleges he was validly acquitted by a non-unanimous jury under state law and subjecting him to a new trial on the same offenses violates his protection against double jeopardy.[74] Therefore, Petitioner's claim is properly brought under Section 2241.

## IV. Analysis

The Magistrate Judge recommended that Petitioner's claims be dismissed with prejudice because his first trial ended in a hung jury, and the State may therefore retry him without offending double jeopardy.[75] Petitioner objects, arguing that he was validly acquitted by a non-unanimous

[69] *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011).

[70] 28 U.S.C. § 2241(c)(3).

[71] *Martinez*, 644 F.3d at 242.

[72] *Id.*

[73] *Peyton v. Rowe*, 391 U.S. 54, 66 (1968).

[74] Rec. Doc. 1.

[75] Rec. Doc. 18.

jury under the state law in effect at the time of his trial.[76] Petitioner argues that subjecting him to a new trial on the same offenses violates his protection against double jeopardy.[77] The court reviews this claim *de novo*.[78]

The Double Jeopardy Clause of the Fifth Amendment "protects a criminal defendant from repeated prosecutions for the same offense."[79] The Double Jeopardy Clause affords a defendant the right "to have his trial completed by a particular tribunal." [80] "More specifically, a defendant has a right to a complete trial by the jury first selected and impaneled."[81] If a defendant's first trial is terminated prior to verdict, "the circumstances of the termination determine whether the Fifth Amendment bars retrial."[82] "If the trial is terminated over defense objection, retrial is prohibited absent 'manifest necessity.'"[83] "A hung jury is 'the prototypical example' of manifest necessity."[84]

Under federal law, a jury's verdict must be unanimous, whether it be to convict or acquit.[85] Therefore, all jurors must agree for a verdict to be reached, and a hung jury will result in a mistrial.[86] Louisiana has long followed a different rule. Article I, Section 17 of the Louisiana

---

[76] Rec. Doc. 19.

[77] *Id.*

[78] *Martinez*, 644 F.3d at 242; Fed. R. Civ. P. 72(b)(3).

[79] *Martinez*, 644 F.3d at 242–43.

[80] *Id.* at 243 (quoting *Wade v. Hunter*, 336 U.S. 684, 689 (1949)).

[81] *Id.* (citing *United States v. Scott*, 437 U.S. 82, 93–94 (1978)).

[82] *Id.*

[83] *Id.* (quoting *Oregon v. Kennedy*, 456 U.S. 667, 672 (1982)).

[84] *Id.* (quoting *Kennedy*, 456 U.S. at 672).

[85] *See* Fed. R. Civ. P. 31(a).

[86] *Yeager*, 557 U.S. at 110.

Constitution provides that "[a] case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict."[87] Similarly, Louisiana Code of Criminal Procedure article 782 provides "[c]ases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict."[88] Therefore, Louisiana law does not distinguish between verdicts of conviction and verdicts of acquittal. For offenses committed before January 1, 2019, the law allowed a verdict to be reached with the concurrence of only ten jurors. "For offenses committed on or after January l, 2019, a jury must, based on the plain language of the Constitution and Article 782(A), unanimously concur in any verdict, not solely in its guilty verdict."[89]

The question presented in this case is whether a jury must unanimously concur on a verdict of acquittal for an offense committed before January 1, 2019, in light of the United States Supreme Court's decision in *Ramos v. Louisiana*. In *Ramos*, the Supreme Court considered whether "the Sixth Amendment right to a jury trial—as incorporated against the States by way of the Fourteenth Amendment—requires a unanimous verdict to *convict* a defendant of a serious offense."[90] The

---

[87] La. Const. article I, § 17(A).

[88] La. Code Crim. Proc. art. 782(A).

[89] *State v. Rodgers*, 2021-190 (La. App. 3 Cir. 4/14/21); 318 So. 3d 315, 317, *writ denied*, 2021-00675 (La. 9/27/21); 324 So. 3d 87.

[90] *Ramos*, 140 S. Ct. at 1394 (emphasis added).

Supreme Court traced the history of juror unanimity.[91] The practice "emerged in 14th century England and was soon accepted as a vital right protected by the common law," and it was adopted by the early American States.[92] Under the rule of unanimity, a "verdict, taken from eleven, was no verdict at all."[93] The Supreme Court recognized that "[i]f the term 'trial by an impartial jury' carried any meaning at all, it surely included a requirement as long and widely accepted as unanimity."[94] The Court found that "at the time of the Sixth Amendment's adoption, the right to trial by jury *included* a right to a unanimous *verdict*."[95]

Petitioner correctly points out that the *Ramos* Court addressed whether a unanimous verdict is required to convict a defendant, but it did not specifically address whether a unanimous verdict is required to acquit a defendant. On the other hand, the State correctly points out that *Ramos* references unanimous verdicts, not just unanimous convictions. Regardless, both parties agree that the issue of whether a defendant can be acquitted by a non-unanimous jury post-*Ramos* is a question of Louisiana law, rather than federal constitutional law.[96] Petitioner also concedes that he "could not have been 'acquitted' within the meaning of the federal Double Jeopardy Clause if, sometime prior to April 29, 2021, the provisions of the Louisiana Constitution and Louisiana Code of Criminal Procedure authorizing non-unanimous acquittals were invalidated, repealed, or

[91] *Id.* at 1395–96.

[92] *Id.*

[93] *Id.* at 1395 (internal citations and quotation marks omitted).

[94] *Id.* at 1396.

[95] *Id.* at 1402 (emphasis added).

[96] Rec. Doc. 14 at 5; Rec. Doc. 19 at 2.

otherwise declared 'invalid' by a competent tribunal."[97] However, because that never happened, Petitioner suggests that he was acquitted when ten jurors voted to acquit him at the conclusion of his first trial.[98]

Petitioner correctly surmises that the issue of whether Louisiana will allow non-unanimous acquittals post-*Ramos* is an unsettled issue because neither the Louisiana Legislature nor the Louisiana Supreme Court have definitively spoken on it. Again, however, this is undisputedly a state law issue. Petitioner suggests that he was acquitted because neither the Louisiana Supreme Court nor the Louisiana Legislature have invalidated the provisions of Louisiana law authorizing non-unanimous acquittals. He asserts that the provisions have not been invalidated by a "competent tribunal."[99] However, the state trial court did in fact rule on this issue, finding that Louisiana law now requires unanimous acquittals. Then, Petitioner sought supervisory writs, which were denied by both the Louisiana Fifth Circuit and the Louisiana Supreme Court. Although the Louisiana Fifth Circuit and Louisiana Supreme Court have not definitively ruled on this issue in a binding opinion, the state trial court's rejection of this claim can be considered by the Louisiana appellate courts on direct appeal if Petitioner is convicted in a second trial.

In *Ramos*, the United States Supreme Court declared non-unanimous convictions to be unconstitutional where a defendant is charged with a "serious offense."[100] In so holding, *Ramos* announced a new rule of criminal procedure.[101] Following *Ramos*, the lower courts are left to

---

[97] Rec. Doc. 19 at 3.

[98] *Id.* at 3–4.

[99] *Id.* at 3.

[100] *Ramos*, 140 S. Ct. at 1390.

[101] *Edwards v. Vannoy*, 141 S. Ct. 1547, 1555 (2021).

grapple with how the Supreme Court's holding applies to other cases and to related issues. In this particular context, the task of determining *Ramos*' impact on state law is left to the state trial court. The state trial court was competent to decide this issue, and Petitioner challenged that decision through supervisory writs to the appellate courts. If Petitioner is convicted in a second trial, he will be able to raise this issue again on direct appeal. That the Louisiana Supreme Court did not rule on this issue in a precedential decision before the state trial court was called upon to do so does not render the state trial court "incompetent" to rule on the application of *Ramos* to this case. Trial courts are often called upon to rule on matters of first impression—indeed, it is often the lack of binding precedent that requires as much.

Petitioner also suggests that no precedential decision has been rendered because the denial of a writ application has no precedential value in Louisiana.[102] Again, this is a correct statement of the law.[103] The Louisiana Supreme Court has recognized that "[a]lthough a writ denial has no official precedential value, it may nonetheless indicate the court's thinking to bar and bench, but any additional remarks or findings are not binding."[104] When the Louisiana Fifth Circuit denied Petitioner's writ applications it clearly expressed its thinking that Louisiana law now requires a unanimous verdict to acquit a defendant. The Louisiana Supreme Court denied the related writ application without assigning reasons. No binding precedent resulted from these writ denials. Thus, should Petitioner be convicted after the second trial, he will be free to raise these same issues on direct appeal.

---

[102] *Id.* at 7.

[103] *See State v. Brown*, 2016-0998, p. 62 (La. 1/28/22); 2022 WL 266603, at *43, n.69 ("[A] writ denial by this court has no precedential value . . . .") (citing *St. Tammany Manor v. Spartan Bldg. Corp.*, 509 So. 2d 424, 428 (La. 1987)).

[104] *Id.*

Petitioner has not demonstrated that he is "in custody in violation of the Constitution or laws or treaties of the United States."[105] The Louisiana trial court interpreted Louisiana law post-*Ramos* to require a unanimous verdict to acquit. After the jury failed to reach a unanimous verdict, the trial court declared a mistrial. Thereafter, the defense filed a "Motion to Quash Due to Acquittal," arguing that because ten of the jurors at trial voted not guilty, a valid verdict of acquittal had been reached at the first trial. The trial court denied the motion, and the appellate courts denied Petitioner's related writ applications. The Louisiana courts are free to interpret their own law to require a unanimous acquittal. This result does not violate Petitioner's constitutional rights because the Double Jeopardy Clause does not prevent a retrial following a mistrial due to a hung jury.[106]

Therefore, the petition must be dismissed. The Magistrate Judge recommended that the petition be dismissed with prejudice. However, as the State recognizes, if Petitioner is convicted, he may raise the unanimous verdict issue again on direct appeal.[107] Therefore, the Court will instead dismiss the petition without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections[108] to the Report and Recommendation are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation to the extent it recommends dismissal of Petitioner's claims. The Court **REJECTS** the Report and Recommendation to the extent it recommends that the dismissal be with prejudice.

**IT IS FURTHER ORDERED** that the Motion for Stay of State Court Proceedings[109] is

---

[105] 28 U.S.C. § 2241(c)(3).

[106] *Yeager*, 557 U.S. at 118.

[107] Rec. Doc. 5.

[108] Rec. Doc. 19.

[109] Rec. Doc. 14 at 11.

**DENIED**.

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241[110] is **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 5th day of May, 2022.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[110] Rec. Doc. 1.